UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VERNA KEARNEY, :
        Plaintiff, :
 :
v. : 3:07-cv-01251 (WWE)
 :
CITY OF BRIDGEPORT POLICE :
DEPARTMENT; CHIEF BRYAN NORWOOD, :
in his individual and official capacities; :
LIEUTENANT DAVID DANIELS, in his :
individual and official capacities, :
        Defendants. :

**MEMORANDUM OF DECISION ON
PLAINTIFF'S MOTION FOR RECONSIDERATION
AND DEFENDANTS' CROSS-MOTION TO STRIKE**

Plaintiff Verna Kearney has filed a motion asking the Court to reconsider its order granting defendants' motion to dismiss in part entered on July 30, 2008 (Doc. #36). Subsequently, defendants City of Bridgeport Police Department, Chief Bryan Norwood and Lieutenant David Daniels filed an opposition to plaintiff's motion as well as a cross-motion to strike plaintiff's second amended complaint.

**FACTS**

The underlying facts and the identities of the parties are set forth in the Court's July 30 order. On August 8, plaintiff filed the instant motion for reconsideration on the grounds that the Court overlooked relevant case law and ignored key facts.

**DISCUSSION**

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. Proc. 7(c)(1). Such a motion should be granted only where the court has

1

overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

Plaintiff first argues that the Court wrongly excluded extrinsic evidence included in plaintiff's opposition papers. The Court relied on Robinson v. Gov't of Malay., 269 F.3d 133, 141 n.6 (2d Cir. 2001) and Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993) for the proscription against admitting extrinsic evidence on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff argues that these cases are in conflict and therefore the Court should have reviewed plaintiff's evidence.

Plaintiff's argument is in error. In both decisions, the Court of Appeals ruled that a district court cannot review evidence outside the complaint in ruling on a motion to dismiss under Rule 12(b)(6) for failure to state a claim – the type of motion that defendants filed. See, e.g., R.S. v. Ridgefield Bd. of Educ., 534 F. Supp. 2d 284, 286 n.2 (D. Conn. 2008) (disregarding evidence offered in opposition to motion to dismiss).

On this issue, the Court will grant reconsideration and adhere to its previous ruling.

Plaintiff next claims, without pointing to any cases in support of her argument, that the Court should not have dismissed her claims of a hostile work environment because the complaint contained sufficient allegations to allow such claim to go forward.

As discussed in the Court's previous ruling, a claim that plaintiff's rights under

2

Title VII were violated by the creation of a hostile work environment requires plaintiff to demonstrate a course of conduct "(1) that is objectively severe or pervasive – that is, if it creates an environment that a reasonable person would find hostile or abusive..., (2) that the plaintiff subjectively perceives as hostile or abusive..., and (3) that creates such an environment because of plaintiff's sex [or race]...." Gregory v. Daly, 243 F.3d 687, 691-692 (2d Cir. 2001). A claim for hostile work environment is "based on the cumulative effect of individual acts" and that "the acts constituting a hostile work environment are part of one unlawful employment practice." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 118 (2002). As the Supreme Court has indicated, the language of Title VII:

> is not limited to 'economic' or 'tangible' discrimination. The phrase 'terms, conditions, or privileges of employment' evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment.

Harris v. Forklift Sys., 510 U.S. 17, 21 (1993). Further, as the Court of Appeals has stated:

> Isolated incidents typically do not rise to the level of a hostile work environment unless they are 'of sufficient severity' to 'alter the terms and conditions of employment as to create such an environment. Generally, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.

Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006) (addressing appeal of summary judgment).

In its July 30 order, the Court recognized only plaintiff's allegation that defendant Daniels made remarks to plaintiff as supporting a hostile work environment claim.

3

Plaintiff now alleges that the full course of conduct related to plaintiff's transfer constituted the hostile work environment. Specifically, plaintiff points to (1) her reassignment from the Seniors Program to her work as a School Resource Officer; (2) defendant Daniels' explanation for plaintiff's transfer; (3) plaintiff's written discrimination complaint; (4) several senior citizens approaching Mayor Fabrizi at a public hearing on September 12, 2006; (5) plaintiff being replaced by a younger, Hispanic male; (6) plaintiff feeling "humiliated" at her treatment by defendant Daniels; (7) her written complaint to defendant Daniels and Sergeant Meekins on October 4, 2006; (8) Daniels' statement on October 11, 2006 in handing her a transfer letter; and (9) the difference in the accrual of compensatory time between plaintiff and her replacement.

Boiled to its essence, plaintiff's hostile work environment claim alleges that she was transferred, mistreated and humiliated by defendants and such actions created a hostile work environment on the basis of plaintiff's sex and race. The "pervasive" requirement of a Title VII claim is met, according to plaintiff, by the transfer combined with Daniels' treatment of plaintiff.

While the Court is highly skeptical that plaintiff's claims meet the "pervasive" standard required of a hostile work environment claim, in light of the liberal pleading requirement of Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007), it must conclude that the bare allegations of her complaint may give rise to a valid claim for hostile work environment and will leave plaintiff to her proof. See Patane v. Clark, 508 F.3d 106 (2d Cir. 2007); Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229 (2d Cir. 2007) (reversing dismissal of a Title VII hostile work environment claim). Therefore, the Court will grant plaintiff's motion for reconsideration and finds dismissal inappropriate on plaintiff's hostile work environment claim at this stage. Similarly, plaintiff's claims under

4

the Connecticut Fair Employment Practices Act ("CFEPA") should not be dismissed to the extent that they mirror plaintiff's Title VII hostile work environment claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for reconsideration (Doc. #38). Upon reconsideration, the Court's previous ruling is vacated to the extent that plaintiff's Title VII hostile work environment and CFEPA claims were dismissed. Plaintiff is instructed to amend her complaint consistent with this ruling within ten days. Accordingly, defendants' cross-motion to strike plaintiff's second amended complaint (Doc. #41) is DENIED as moot.

Dated at Bridgeport, Connecticut, this 2d day of September, 2008.

                                                /s/
                                      Warren W. Eginton
                                      Senior United States District Judge